**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4590**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ISHMAEL SEBASTIAN KELLY,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:11-cr-00166-FL-1)

─────────────

Submitted: April 29, 2013          Decided: May 2, 2013

─────────────

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ishmael Sebastian Kelly appeals the thirty-month sentence imposed following his guilty plea to possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). On appeal, Kelly argues that the district court's upward departure resulted in a substantively unreasonable sentence. We reject this argument and affirm.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, 133 S. Ct. 216 (2012); see Gall v. United States, 552 U.S. 38, 46, 51 (2007). When the district court imposes a departure or variance sentence, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "'set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis'" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364

(4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alteration omitted), cert. denied, 131 S. Ct. 2946 (2011).

Where, as here, the defendant does not challenge the procedural reasonableness of his sentence, we review only the substantive reasonableness of the sentence, applying the abuse-of-discretion standard. Gall, 552 U.S. at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In doing so, this court assesses whether the district court "abused [its] discretion in determining that the [18 U.S.C.] § 3553(a) [(2006)] factors supported [the sentence] and justified a substantial deviation from the Guidelines range." Gall, 552 U.S. at 56. We must "take into account the totality of the circumstances, including the extent of [the] variance from the Guidelines range." Id. at 51. A more significant "departure should be supported by a more significant justification." Id. at 50.

A district court may depart upward from an applicable Guidelines range "[if] reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S. Sentencing Guidelines Manual § 4A1.3(a)(1), p.s. (2011); see United States v. Whorley, 550 F.3d 326, 341 (4th Cir. 2008)

3

(nothing that an under-representative criminal history category is an encouraged basis for departure). To determine whether a departure sentence is appropriate in such circumstances, the Guidelines state a court may consider, <u>inter</u> <u>alia</u>, prior sentences not used in the criminal history calculation. USSG § 4A1.3(a)(2).

The district court emphasized Kelly's unscored state felon-in-possession conviction in upwardly departing. Kelly argues that the court's departure to Criminal History Category IV exaggerated the importance of this unscored conviction because, had it been scored, it would only have resulted in his placement in Criminal History Category III. However, the district court did not rely exclusively on this unscored conviction to support the upward departure, but also considered other unscored convictions, the fact that the unscored state felon-in-possession conviction involved conduct similar to his current offense, Kelly's history of other offenses involving firearms, the danger he posed to the community, and his recidivism. The court also acknowledged Kelly's arguments in mitigation of his sentence. We conclude that the district court's decision to depart from the Guidelines was permissible and that its justification for the extent of its departure were sufficiently compelling. <u>See</u> <u>United States v. McNeill</u>, 598 F.3d

161, 166-67 (4th Cir. 2010) (affirming upward departure under § 4A1.3).

Accordingly, we hold the sentence is substantively reasonable and affirm the district court's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5